MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695
email michaellehners@yahoo.com
Attorney for Chapter Seven Trustee
Donald Gieseke

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

oOo

IN RE

PATMONT MOTOR WERKS, INC.,

Debtor(s).
_____/

BK-N- 12-52799-btb
CHAPTER 7
Hearing Date: _____
and Time: _____
Mtn No. _____
Est Time: 25 Minutes
MOTION TO CONFIRM SALES AND
DISTRIBUTE PROCEEDS TO CREDITORS
AND FINAL FEE APPLICATION

Chapter Seven Trustee, Donald Gieseke, files the following Motion to Confirm Sales and Distribute Proceeds to Creditors and Final Fee Application.

**1.    Background**

This action arises out of two motions filed by the Trustee to approve the sale of estate property and to compromise claims. On February 4, 2015 the Trustee filed a motion to sell substantially all estate assets free and clear of liens (ECF 201). On March 13, 2015 this Court approved the Trustee's motion, and the assets were sold to GoPed (ECF 226). GoPed paid the estate $145,000, plus the substantial non-cash components.

The March 13, 2015 order also reserved the Trustee's rights to pursue claims under Chapter Five of the Bankruptcy Code.

On June 23, 2015 the Trustee filed an adversary complaint against Steven and Hannalore Patmont alleging Patmont Motor Werks paid the sum of $113,000.00 to

1

Steven and Hannalore Patmont. As an affirmative defense the Patmonts asserted that the payments were a contemporary exchange.

The parties appeared at a settlement conference on June 28, 2016. The Patmonts agreed to pay the Trustee $30,000.00, and to convey the trademark or trademarks relating to the Hoverboard. On November 7, 2016 this Court entered its order approving the second compromise (Adversary ECF 61).

Subsequently the Trustee pursued the Estate's rights with respect to the Hoverboard trademarks. At the time the Patmonts surrendered the trademarks to the Estate, there was pending litigation involving the trademarks. The litigation was captioned *Equalia vs. Powerboard, et. al.* filed in the Northern Federal District Court for the State of California, Case No. 16-cv-03259.

The California litigation had settled for $25,000.00. For a variety of reasons, the Trustee believed this was a good settlement. He moved to have this Court approve the settlement. It was approved by this Court on April 10, 2017 (ECF 296).

After the Hoverboard settlement was approved, the Wichots filed a motion to set aside this Court's order approving the sale of the assets to GoPed (ECF 226) and the order approving the Hoverboard settlement (ECF 296). The motion was filed on March 22, 2017 (ECF 289).

The Wichots attorney withdrew, leaving Barbara Wichot as the guardian of the person and estate of Jeffrey Wichot - an incapacitated person.

Ms. Wichot was unable to obtain counsel. This Court set a status hearing for April 3, 2019. Prior to that hearing undersigned counsel spoke to Ms. Wichot and counsel for the Patmonts, Christopher Burke, Esq. Counsel was informed by both parties that each desired to settle the litigation set forth above. This desire was confirmed on the record at the April 3, 2019 status hearing.

The Wichots and the Patmonts had agreed to release each other and that the motions would be withdrawn with prejudice. However, the Wichots did not release any rights with respect to the proof of clam that was filed with this Court.

Counsel for the Trustee agreed to memorialize the settlement agreement in an order with findings. He also agreed not to charge any fees to the estate for his time in negotiating the settlement, the court appearance and the drafting of the order.

A draft of the order was sent to the parties. A copy of the draft is attached as Exhibit "1". Mr. Burke responded with proposed changes. On April 18, 2019 undersigned counsel sent Ms. Wichot an email. It informed her of the changes Mr. Burke requested and asked to hear from her. A copy of this email has been attached as Exhibit "2".

The same day, Ms. Wichot responded stating she was having the draft order reviewed by her attorney. A copy of her return email has been attached as Exhibit "3".

That same day undersigned counsel asked for an estimate of when she would receive a response from her attorney. A copy of that email has been attached as Exhibit "4".

Nothing has happened since. It appears that this matter cannot be finalized without this motion. However, when speaking with Ms. Wichot, she did tell counsel she did not want to undo the settlements the Trustee had obtained.

2.  **Relief Sought**

The Trustee is filing this motion to ratify the validity of: (1) The March 13, 2015 Order approving the sale of substantially all estate assets free and clear of liens (ECF 226); (2) The November 7, 2016 Order approving the settlement with the Patmonts regarding the preference litigation (Adversary ECF 61); and (3) The April

3

10, 2017 Order approving the $25,000.00 settlement in the Hoverboard litigation reached in the California Court.

To clarify, the Trustee seeks this Court to make an express finding that none of the foregoing orders were obtained by fraud upon the Court.

The Trustee is also requesting that he be dismissed as a party with respect to the Wichots' motion to set aside this Court's order approving the sale of the assets to GoPed (ECF 226) and the order approving the Hoverboard settlement (ECF 296).

Next, the Trustee is requesting that he be allowed to distribute the funds that he has on hand to the Creditors in order of priority.

Finally, counsel is seeking approval of $1,500.00 as compensation for the drafting of this motion and the related court appearance.

Dated: This ___28___ day of ___August___, 2019

By: _____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

## Exhibit List

| | |
|---|---|
| Exhibit 1 | Draft Order from April 3, 2019 Status hearing |
| Exhibit 2 | April 18, 2019 email from Lehners to Wichot |
| Exhibit 3 | April 18, 2019 email from Whichot to Lehners |
| Exhibit 4 | April 18, 2019 email from Lehners to Wichot |

# Exhibit 1

# Exhibit 1

MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695
email michaellehners@yahoo.com
Attorney for Chapter Seven Trustee
Donald Gieseke

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

oOo

IN RE

PATMONT MOTOR WERKS, INC.,

Debtor(s).
_____/

BK-N- 12-52799-btb
CHAPTER 7
Hearing Date: 4/3/19
and Time: 10:00 a.m.
Mtn No. _____
Est Time: 5 Minutes
<u>ORDER DISMISSING CLAIMS AND APPROVING SETTLEMENT AND COMPROMISE</u>

THIS MATTER came before the Court on status hearing set by this Court for April 3, 2019. Michael Lehners, Esq. appeared on behalf of the Chapter Seven Trustee, Donald Gieseke, who was also present. Christopher Burke, Esq. appeared on behalf of Stephen Patmont. Barbara Wichot, as the guardian of the person and estate of Jeffrey Wichot - an incapacitated person, appeared on her own behalf by telephone. The

1

Court listened to the comments by the parties. Barbara Wichot and counsel for Stephan Patmont expressed a desire to release each other from all claims one may have against the other with prejudice. The Court hereby makes the following findings and enters the following order.

## I. Findings of Fact

1. On March 13, 2015 this Court approved the Trustee's Motion to Sell Substantially all Estate Assets Free and Clear of Liens (DE 226). The successful bidder was GoPed which agreed to pay $145,000.00 in cash and to assume responsibility for payment of all unpaid post conversion expenses, excepting Trustee's commissions and attorney fees.

2. The March 13, 2015 order also reserved the Trustee's rights to pursue claims under Chapter Five of the Bankruptcy Code.

3. On June 23, 2015 the Trustee filed an adversary complaint against Stephen and Hannalore Patmont alleging Patmont Motor Werks paid the sum of $113,000.00 to Stephen and Hannalore Patmont.

4. The parties appeared at a settlement conference on June 28, 2016. The settlement conference was successful. The Patmonts agreed to pay the Trustee $30,000.00, and they agreed to convey the trademark or trademarks relating to the Hoverboard to the bankruptcy estate.

5. On November 7, 2016 this Court entered its order approving the second compromise (Adversary ECF 61). Said order provided in relevant part that:

> IT IS FURTHER ORDERED that all remaining assets in the Bankruptcy Estate, whether disclosed or not, shall be conveyed absolutely to the Patmonts. These assets include any litigation or causes of action against the Wichots and successor liability claims. However, any claims based upon alter ego can not be sold and shall not be among the assets transferred pursuant to the settlement agreement.

2

6. One of these assets that passed from the bankruptcy estate to the Patmonts was the right of the estate to challenge the validity of the judgment(s) obtained by Ms. Wichot against Patmont. Mr. Patmont represents to this Court that he still owns and controls the sole right to challenge the validity of the judgment(s) obtained by Ms. Wichot against Patmont, and that the right has not been transferred to any other entity.

7. At the time the Hoverboard trademark was conveyed to the estate, it was the subject of litigation between Equalia, LLC and Hoverboard Technologies Corporation. It was Equalia's contention that its use of the term "hoverboard" to describe its product does not violate the Lanham Act because the term is generally descriptive of a class of goods generically described as hoverboards. Equalia believes that its use of the term hoverboard to describe its product constitutes fair use of a generic and descriptive term.

8. The Equalia litigation went before a settlement judge. Equalia agreed to pay the Bankruptcy Estate $25,000. On February 22, 2017 the Trustee filed a motion to approve this settlement (ECF 276). On April 10, 2017 this Court approved the Trustee's motion to approve the settlement agreement (ECF 296).

9. On March 22, 2017 Ms. Wichot filed a motion to set aside the first two sales alleging fraud upon the Court (ECF 289).

10. On March 27, 2017 the Trustee filed an opposition to Ms. Wichot's motion (ECF 291).

11. On March 1, 2018 this Court entered an order allowing the lawfirm of Lewis Roca Rothgerber Christie LLP to withdraw as counsel for Ms. Wichot. Since that time, the Court has monitored these proceedings through various status hearings. The most recent status

3

hearing was on April 3, 2019 where Ms. Wichot and counsel for the Patmonts indicated Ms. Wichot would dismiss her motion to set aside the first two sales alleging fraud upon the Court.

12. By signing her approval of the Order below, Ms. Wichot agrees that the three settlements obtained by the Trustee referenced herein were fair and reasonable. Ms. Wichot agrees to withdraw her motion to set aside the first two sales with prejudice. Ms. Wichot agrees to release all claims from the beginning of time, known or unknown, against Stephen Patmont, his family, agents, heirs and successors in interest. This release will in no way affect Ms. Wichot's right to participate in distribution of assets of the bankruptcy estate pro rata with the claims she filed, but it will limit any further enforcement of the judgment(s), directly or indirectly against Stephen Patmont, his family, agents, heirs and successors in interest.

13. By signing his approval of the Order below, Mr. Patmont agrees that the three settlements obtained by the Trustee referenced herein were fair and reasonable. Mr. Patmont, in consideration of Ms. Wichot's release, agrees to release all claims from the beginning of time, known or unknown, against Ms. Wichot, her family, agents, heirs and successors in interest. This release shall include the termination of all efforts in any court to set aside the judgment(s) obtained by Ms. Wichot forever.

14. Any finding of fact which may be deemed a conclusion of law shall be so classified.

## II. Conclusions of Law

1. This Court has jurisdiction over the parties and the subject matter of this settlement between Ms. Wichot and Mr. Patmont.

     2.    The Court finds that this settlement is fair and reasonable under the circumstances.

     3.    The Court believes it is in the best interests of all parties if the Chapter Seven Trustee proceeds to distribute the funds on hand to the creditors and thereafter closes the case.

IN LIGHT OF THE FOREGOING, IT IS HEREBY ORDERED that

     1.    The Settlement between Ms. Wichot and Mr. Patmont is approved.

     2.    The Trustee shall proceed to distribute the funds on hand to creditors and proceed to close the case.

Approved/Disapproved

Dated: _____      Dated: _____

_____      _____
Michael Lehners, Esq.       Christopher Burke, Esq.
Attorney for Chapter 7 Trustee   Attorney for Stephen Patmont

Approved/Disapproved

Dated: _____

_____
Barbara Wichot, as the guardian of
the person and estate of Jeffrey
Wichot - an incapacitated person

# # #

5

# Exhibit 2

# Exhibit 2

**From:** mcl3303 <mcl3303@aol.com>
**To:** attycburke <attycburke@charter.net>; wichotfab5 <wichotfab5@aol.com>; wdg <wdg@renotrustee.com>
**Subject:** Patmont
**Date:** Thu, Apr 18, 2019 10:38 am
**Attachments:** Patmont Order Settlement 4.11.19_1.PDF (47K)

---

# Ms. Wichot. I have not heard from you with respect to the proposed order settling the case. I have attached another copy for your convenience. I have received a request for changes from Mr. Patmont. That is pasted below.

# I would like to hear from you this week. If we can't get a resolution of this, the Trustee will simply file a motion to declare the sales valid and begin distribution. If this is the case, I would have to charge the estate; but I am willing to still work for no charge in getting the agreement finalized if that is possible.

With respect to the proposed order, my wife and I wish – and we are entitled to – finality.
So please have Mr. Lehners make the following corrections:

### Typographical

The spelling of my name is 'Steven'

### Substantive

Add a sentence after paragraph 8: "Lawrence G. Townsend, Esq., represented the Debtor in the noted litigation and has yet to be paid for his work. He will submit a fee application and permission for employment *nunc pro tunc* once this Dismissal/Settlement is agreed to."

Add a paragraph 15: "Barbara Wichot, individually, and as the guardian of the person and Estate of Jeffrey Wichot, herewith releases Steven J. and Hannelore Patmont and Gabriel and Cynthia Patmont, their agents, attorneys, and assigns, from any and all liability whatsoever arising from any claimed injury to Jeffrey Wichot, including but not limited to any judgment received by default or otherwise rendered by a New Jersey State Court (hereinafter 'the New Jersey judgment') and, Hannelore and Steven J. Patmont and Gabriel and Cynthia Patmont, releases Barbara Wichot, individually, and as the guardian of the person and Estate of Jeffrey Wichot, from any and all claims and liabilities arising from the filing of the New Jersey judgment in the District Court in and for Douglas County, Ninth Judicial District, and from damages costs and attorneys' fees, including claims for abuse of process and malicious prosecution, arising from the filing and prosecution of various motions to set aside the sale of assets of Patmont Motor Werks, Inc. a Nevada corporation, by the Trustee, and/or the settlement by the Trustee with Steven J. and Hannelore Patmont of Adversary Case 15-05031 – btb"

16. "Barbara Wichot, individually, and as the guardian of the persona and Estate of Jeffrey Wichot, herewith agrees to obtain approval by a New Jersey State judge, sitting in Chancery, of this settlement as required by New Jersey law."

Then, the signature lines need to be set up with two signatures of Mrs. Wichot, and **IT IS SO AGREED** above the signature lines of Mrs. Wichot and my wife and I.

Thank you for your assistance.

Very truly yours,

STEVEN J. PATMONT

# Exhibit 3

Exhibit 3

**From:** Barbara Wichot <wichotfab5@aol.com>
**To:** mcl3303 <mcl3303@aol.com>
**Subject:** Re: Patmont
**Date:** Thu, Apr 18, 2019 5:41 pm

Mr. Lehners
The proposed draft is being reviewed by our attorney.


Sent from my iPhone

On Apr 18, 2019, at 1:38 PM, mcl3303@aol.com wrote:

> Ms. Wichot. I have not heard from you with respect to the proposed order settling the case. I have attached another copy for your convenience. I have received a request for changes from Mr. Patmont. That is pasted below.
>
> I would like to hear from you this week. If we can't get a resolution of this, the Trustee will simply file a motion to declare the sales valid and begin distribution. If this is the case, I would have to charge the estate; but I am willing to still work for no charge in getting the agreement finalized if that is possible.
>
> With respect to the proposed order, my wife and I wish – and we are entitled to – finality.
> So please have Mr. Lehners make the following corrections:
>
> <u>Typographical</u>
>
> The spelling of my name is 'Steven'
>
> <u>Substantive</u>
>
> Add a sentence after paragraph 8: "Lawrence G. Townsend, Esq., represented the Debtor
> in the noted litigation and has yet to be paid for his work. He will submit a fee application and permission for
> employment *nunc pro tunc* once this Dismissal/Settlement is agreed to."
>
> Add a paragraph 15: "Barbara Wichot, individually, and as the guardian of the person and
> Estate of Jeffrey Wichot, herewith releases Steven J. and Hannelore Patmont and Gabriel
> and Cynthia Patmont, their agents, attorneys, and assigns, from any and all liability whatsoever arising from any
> claimed injury to Jeffrey Wichot, including but not limited to any judgment received by default or otherwise
> rendered by a New Jersey State Court (hereinafter 'the New Jersey judgment') and, Hannelore and Steven J.
> Patmont and Gabriel and Cynthia Patmont, releases Barbara Wichot, individually, and as the guardian of the
> person and Estate of Jeffrey Wichot, from any and all claims and liabilities arising from the filing of the New

Jersey judgment in the District Court in and for Douglas County, Ninth Judicial District, and from damages costs and attorneys' fees, including claims for abuse of process and malicious prosecution, arising from the filing and prosecution of various motions to set aside the sale of assets of Patmont Motor Werks, Inc. a Nevada corporation, by the Trustee, and/or the settlement by the Trustee with Steven J. and Hannelore Patmont of Adversary Case 15-05031 – btb"

16. "Barbara Wichot, individually, and as the guardian of the persona and Estate of Jeffrey Wichot, herewith agrees to obtain approval by a New Jersey State judge, sitting in Chancery, of this settlement as required by New Jersey law."

Then, the signature lines need to be set up with two signatures of Mrs. Wichot, and **IT IS SO AGREED** above the signature lines of Mrs. Wichot and my wife and I.

Thank you for your assistance.

Very truly yours,

STEVEN J. PATMONT

<Patmont Order Settlement 4.11.19_1.PDF>

# Exhibit 4

# Exhibit 4

**From:** mcl3303 <mcl3303@aol.com>
**To:** wichotfab5 <wichotfab5@aol.com>; attycburke <attycburke@charter.net>; wdg <wdg@renotrustee.com>
**Subject:** Re: Patmont
**Date:** Thu, Apr 18, 2019 5:44 pm

It is somewhat of a time sensitive matter. Do you have any idea when you will get a response from him?

Thank you for your reply.


-----Original Message-----
From: Barbara Wichot <wichotfab5@aol.com>
To: mcl3303 <mcl3303@aol.com>
Sent: Thu, Apr 18, 2019 5:41 pm
Subject: Re: Patmont

Mr. Lehners
The proposed draft is being reviewed by our attorney.


Sent from my iPhone

On Apr 18, 2019, at 1:38 PM, mcl3303@aol.com wrote:

> Ms. Wichot. I have not heard from you with respect to the proposed order settling the case. I have attached another copy for your convenience. I have received a request for changes from Mr. Patmont. That is pasted below.
>
> I would like to hear from you this week. If we can't get a resolution of this, the Trustee will simply file a motion to declare the sales valid and begin distribution. If this is the case, I would have to charge the estate; but I am willing to still work for no charge in getting the agreement finalized if that is possible.
>
> With respect to the proposed order, my wife and I wish – and we are entitled to – finality.
> So please have Mr. Lehners make the following corrections:
>
> **Typographical**
>
> The spelling of my name is 'Steven'
>
> **Substantive**

Add a sentence after paragraph 8: "Lawrence G. Townsend, Esq., represented the Debtor in the noted litigation and has yet to be paid for his work. He will submit a fee application and permission for employment *nunc pro tunc* once this Dismissal/Settlement is agreed to."

Add a paragraph 15: "Barbara Wichot, individually, and as the guardian of the person and Estate of Jeffrey Wichot, herewith releases Steven J. and Hannelore Patmont and Gabriel and Cynthia Patmont, their agents, attorneys, and assigns, from any and all liability whatsoever arising from any claimed injury to Jeffrey Wichot, including but not limited to any judgment received by default or otherwise rendered by a New Jersey State Court (hereinafter 'the New Jersey judgment') and, Hannelore and Steven J. Patmont and Gabriel and Cynthia Patmont, releases Barbara Wichot, individually, and as the guardian of the person and Estate of Jeffrey Wichot, from any and all claims and liabilities arising from the filing of the New Jersey judgment in the District Court in and for Douglas County, Ninth Judicial District, and from damages costs and attorneys' fees, including claims for abuse of process and malicious prosecution, arising from the filing and prosecution of various motions to set aside the sale of assets of Patmont Motor Werks, Inc. a Nevada corporation, by the Trustee, and/or the settlement by the Trustee with Steven J. and Hannelore Patmont of Adversary Case 15-05031 – btb"

16. "Barbara Wichot, individually, and as the guardian of the persona and Estate of Jeffrey Wichot, herewith agrees to obtain approval by a New Jersey State judge, sitting in Chancery, of this settlement as required by New Jersey law."

Then, the signature lines need to be set up with two signatures of Mrs. Wichot, and **IT IS SO AGREED** above the signature lines of Mrs. Wichot and my wife and I.

Thank you for your assistance.

Very truly yours,

STEVEN J. PATMONT

<Patmont Order Settlement 4.11.19_1.PDF>